UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHASE MICKLON,<br><br>                    Plaintiff,<br><br>          v.<br><br>CLEMENTE, *et al.*,<br><br>                    Defendants. | Case No.  2:21-cv-00359-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>     (1) FILE AN AMENDED COMPLAINT; OR<br><br>     (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

Plaintiff Ryan Chase Micklon is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendants have violated his constitutional rights by failing to take precautions to reduce the spread of Covid-19.  ECF No. 1 at 5.  He also alleges that defendants have deprived him of hygienic necessities like warm water, soap, and wash cloths.  *Id.* at 5-6.  I find, for the reasons stated below, that plaintiff's complaint does not comport with Rule 8 of the Federal Rules of Civil Procedure.  I will give him leave to amend.

Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No 2. It makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As stated above, plaintiff alleges that defendants have failed to take adequate precautions to protect him from Covid-19. He also alleges that they have failed to provide him with materials necessary for the maintenance of basic hygiene. The complaint does, not however, describe how each of the eleven named defendants was responsible for violating his rights. He does not, for instance, allege how each was responsible for either crafting or enforcing the Covid-19 policies for Solano County jails. Neither does he allege how each defendant was responsible for distributing hygiene items. The complaint devotes several pages to describing the sanitary shortcomings of the jails in Solano County, but never ascribes responsibility for those problems to any individual or entity. Under Rule 8 of the Federal Rules of Civil Procedure, a claimant must bring simple and direct allegations that allow each defendant to determine what he or she is being sued for. Fed. R. Civ. P. 8; *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff has failed to do that. Additionally, the general organization of plaintiff's complaint makes it difficult to follow. It is not subdivided by claim or defendant, and prison grievance documents are interspersed throughout without any obvious organizational logic. *See*, *e.g.*, ECF No. 1 at 13.

I will give plaintiff leave to amend. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Within sixty days from the service of this order, plaintiff must either file an

Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __March 26, 2021__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE